**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 02-11279

_____

WILLIAM WESLEY CHAPPELL,

Petitioner-Appellant,

versus

JANIE COCKRELL, Director,
Texas Department of Criminal Justice,
Institutional Division,

Respondent-Appellee.

_____

Appeal from the United States District Court
For the Northern District of Texas
(No. 4:00-CV-1663-A)

_____

November 20, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM[*]:

Petitioner-Appellant William Wesley Chappell has filed the following motions (1) motion to substitute counsel; (2) motion for stay of execution; and (3) "request for certificate of appealability under 28 U.S.C. § 2244(b)(2)." Chappell also appeals

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

the district court's order of November 18, 2002, denying relief from judgment under Federal Rule of Civil Procedure 60(b).

After careful consideration of the parties' briefs, the facts, and the applicable law, we are firmly convinced that the denial of Chappell's motion for relief from judgment was not an abuse of discretion and we affirm the ruling of the district court for the reasons specified in the order of November 18, 2002.[1]

Chappell additionally seeks authority to file a successive habeas petition under 28 U.S.C. § 2244(b)(2). Chappell raises no new rules of constitutional law and has not demonstrated that "the factual predicate for [his] claim could not have been discovered through the exercise of due diligence" or that these facts, if proven, would establish that, "but for constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense."[2] Accordingly, his request for permission to file a successive habeas petition must be denied.[3]

For the foregoing reasons, we affirm the district court's

---

[1] "[A] motion under Rule 60(b) is the equivalent of a second or successive habeas petition subject to the standards of section 2244(b)." Kutzner v. Cockrell, 303 F.3d 333, 338 (5th Cir. 2002). Chappell did not seek an order from this court "authorizing the district court to consider the application," and we question whether his appeal of the district court's ruling is proper. 28 U.S.C. § 2244(b)(3)(A). In any event, Chappell's motion for relief from judgment under Rule 60(b) is without merit.

[2] See 28 U.S.C. § 2244(b)(2).

[3] To the extent that Chappell seeks a certificate of appealability under 28 U.S.C. § 2253(c)(2), his motion is denied.

order of November 18, 2002. We deny Chappell's motion to substitute counsel and motion for stay of execution.  We also deny his motion for permission to file a successive habeas petition and his motion for certificate of appealability.